# Sneed *v.* The State.

## *Habeas Corpus.*

(Decided Dec. 17, 1908.   48 South. 1028.)

1. *Habeas Corpus; When Granted.*—Habeas Corpus does not lie to correct errors or irregularities in the judgments of courts of inferior or superior jurisdiction, and where a judgment has been rendered, it must be void for excess or want of jurisdiction on the face of the proceeding to entitle one to the writ and discharge thereon.

2. *Same; Review.*—A petitioner in habeas corpus to secure a release from conviction of larceny may not introduce parol evidence to show that the value of the property taken exceeded the amount of which the justice had jurisdiction.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

Petition for habeas corpus by Joe Sneed. From a judgment denying the writ, petitioner appeals. Affirmed.

F. E. BLACKBURN, for appellant.   Jurisdiction of the justice of the peace in petit larceny cases is fixed by the statute.—Sec. 6733, Code 1907.   The justice of the peace was without jurisdiction to hear and determine the case. —*Thomas v. The State,* 114 Ala. 31.   Counsel discuss other assignment of error but without citation of authority.

ALEXANDER M. GARBER, Attorney General, and THOMAS W. MARTIN, for the State.   If the value stated in the affidavit had been greater than $10, the judgment would have been void.—*Brown v. The State,* 120 Ala. 378.   But such was not the case.   In order to take advantage of a judgment by writ of habeas corpus the judgment must be void on its face for excess of jurisdiction, or for want of jurisdiction.—*Bray v. The State,* 140 Ala. 172.   Mere irregularities or errors are not available.—*Ex parte Bizell,* 112 Ala. 210; *Ex parte Davis,* 95 Ala. 9; *Steven-*

son v. Murray, 87 Ala. 442; Cotton v. Holloway, 96
Ala. 544.

DENSON, J.—This record shows that the petitioner
was convicted before a justice of the peace for petit lar-
ceny, and that the affidavit charged the larceny of a
watch, and alleged the value thereof to be less than $10.
Petitioner was fined by the justice in the sum of $25,
and in addition was sentenced to hard labor for the
county for 12 months. He was, at the time of the suing
out of this writ, in the custody of the Tennessee Coal,
Iron & Railroad Company, which company held him
under a contract with Jefferson county for the hire of
the county convicts. Petitioner seeks to be released
from custody upon the theory that the watch, the sub-
ject of the alleged larceny, was of value greater than
$10, thus exceeding the jurisdiction of a justice of the
peace in such cases.—Code 1907, § 6733.

It was conceded on the hearing before Judge Weaver
that the affidavit charged the value of the watch as be-
ing less than $10 and that the warrant followed the
affidavit. Thus on the face of the proceedings the jus-
tice was within the jurisdiction of the subject-matter
prescribed by the statute. But the petitioner sought to
show by parol evidence that the value of the watch was
proven on the trial to be $20 or more. The court de-
clined to allow petitioner to make the proof, and re-
manded him to the custody of the hard-labor contractor.
It is settled law in this jurisdiction that habeas corpus
will not lie to correct errors or irregularities in the judg-
ment of a court of superior or inferior jurisdiction. "To
entitle the prisoner to the writ and discharge under such
judgment, it must be void for an excess of jurisdiction
on the face of the proceedings." Parol evidence is not
admissible for the purpose of showing want of jurisdic-

tion.—*Ex parte Davis,* 95 Ala. 9, 11 South. 308; *Ex parte Hubbard,* 65 Ala. 473; *Ex parte Bizzell,* 112 Ala. 210, 21 South. 371; *Bray's Case,* 140 Ala. 172, 37 South. 250, and cases there cited; Hurd on Habeas Corpus, 325 (331).

It follows, from these considerations, that the judge did not err in refusing to receive parol testimony of the value of the watch, and, further, that he properly denied the writ.

Affirmed.

DOWDELL, SIMPSON, and MCCLELLAN, JJ., concur.