166 So. 437

**GLENN v. STATE.**

6 Div. 967.

Court of Appeals of Alabama.

March 3, 1936.

W. Emmett Perry, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

No briefs reached the Reporter.

PER CURIAM.

Petitioner by this proceeding prayed for a reduction of bail pending an appeal from a judgment of conviction in the circuit court for the offense of burglary. The trial judge in the original case set the amount of his appeal bond at $3,500. On the hearing of the petition for habeas corpus to this end in the court below, the court declined to allow petitioner to offer evidence to prove the allegations of his petition and declined to reduce the amount of the appeal bond as prayed. From the rulings and orders of the court in this connection, this appeal was taken.

■■ The fundamental law of this state is that excessive bail shall not in any case be required. Const. 1901, art. 1, § 16.

Upon the hearing of a question of this character, the ability of petitioner to make the alleged excessive bond is a material matter, and evidence thereof should be allowed. Ex parte Banks, 28 Ala. 89.

We are of the opinion the trial court should have allowed petitioner to offer evidence in support of his petition. From the sworn statements here submitted, we are of the opinion that the designated amount of the bond in this case is excessive and prohibitive and in conflict with the constitutional provision, supra. In consideration of the premises, it is ordered that petitioner, appellant, be admitted to bail pending his appeal from the judgment of conviction pronounced and entered, and that the amount of said appeal bond aforesaid be reduced to the sum of $1,500, and that, upon

his (petitioner) giving a written undertaking signed by himself and at least two sufficient sureties, to be approved by the clerk of the circuit court, this order shall be in force and effect as the law provides.

Writ awarded conditionally.