16 So.2d 315

**SMITH v. STATE.**

6 Div. 155.

Supreme Court of Alabama.

Jan. 13, 1944.

No appearance for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris and Bernard F. Sykes, Asst. Attys. Gen., for the State.

LIVINGSTON, Justice.

Appellant was tried and convicted in the Jefferson County Court of Misdemeanors for the offense of vagrancy. She was sentenced to pay a fine, and in addition to perform hard labor for the county. There was no appeal from the judgment of conviction and sentence.

Subsequent to the judgment of conviction, and the imposition of the sentence, appellant filed her petition for writ of error coram nobis, addressed to Hon. Robert J. Wheeler, Judge of the Circuit Court of Jefferson County, Alabama, seeking a review of the proceedings, trial and judgment of the Jefferson County Court of Misdemeanors.

Demurrers were interposed to the petition and sustained.

The office of the writ of error coram nobis is to bring to the attention of the court for correction an error of fact, one not appearing on the face of the record, unknown to the court or the party affected, and which, if known in season, would have prevented the rendition of the judgment challenged. 24 Corpus Juris Secundum, Criminal Law, § 1606, page 143; Lamb v. State, 91 Fla. 396, 107 So. 535; House v. State, 130 Fla. 400, 177 So. 705.

162

A proceeding for a writ of error coram nobis is in the nature of a new civil suit, and must be filed as part of the proceedings in the case to which it refers, and in the court which rendered the judgment. 24 Corpus Juris Secundum, Criminal Law, § 1606 (2), page 146, notes 15 and 16; House v. State, supra.

Appeals from judgments of conviction rendered by the Jefferson County Court of Misdemeanors may be taken by the defendant to the Circuit Court of Jefferson County, Alabama, within five days after the rendition of said judgments, and the cause there tried de novo, Local Acts 1919, section 30, page 129.

No appeal was taken from the judgment of conviction here involved. We are not now concerned with the proper procedure to be followed relative to a writ of error coram nobis in case of an appeal to the Circuit Court of Jefferson County, followed by a conviction upon a trial de novo. See, Johnson v. Williams, 244 Ala. 391, 13 So.2d 683, and House v. State, supra.

The Circuit Court of Jefferson County, Alabama, was without jurisdiction to hear and determine the petition in this cause, and demurrers taking the point were properly sustained.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.