63 So.2d 682

**GRIFFIN v. STATE.**

**3 Div. 661.**

Supreme Court of Alabama.

Jan. 22, 1953.

Rehearing Denied March 26, 1953.

John C. Walters, Troy, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

STAKELY, Justice.

C. J. Griffin filed a petition for writ of habeas corpus against C. P. Burford, Warden of Kilby Prison. The petitioner set out a copy of the indictment whereon he was tried by jury on February 25, 1949, in Montgomery County for the offense of assault with intent to ravish and was given a sentence of twenty years. Paragraph 3 of the petition is as follows:

"At the time of the trial nor at any other time during said proceedings against him was the defendant represented by counsel. Defendant was practically illiterate, and had no funds, nor means to obtain counsel, nor did he understand the procedure involved whereby he could adequately and properly defend himself."

This matter was duly set for hearing before a judge of the Montgomery Circuit Court and on the date of the hearing the

attorney general filed a motion to strike the petition, not only on the general ground that it affirmatively appears from the allegations of the petition that the petitioner is not entitled to relief, but on the specific ground that it affirmatively appears from the record of the court, a certified copy of which is attached to the motion and made a part thereof, that the petitioner was represented by counsel at his trial.

Although according to the record the judgment of the court shows that petitioner was represented by counsel, the petitioner offered to testify before the court that the court record was not correct, and that as a matter of fact he was not represented by counsel. The court refused to allow the defendant to introduce such evidence, granted the motion to strike the petition for habeas corpus and ordered the petitioner to be returned to the Warden of Kilby Prison to serve out his sentence.

Without question it appears that the proceedings and conviction under which the petitioner is held are of a court of competent jurisdiction and are regular on their face. Accordingly it is not allowable to impeach the court's jurisdiction by parol testimony. In order to impeach such proceedings on habeas corpus, invalidity must appear on the face of the proceedings. Vernon v. State, 240 Ala. 577, 200 So. 560; Johnson v. Williams, 244 Ala. 391, 13 So.2d 683.

Without in any way passing on the sufficiency of the allegations now before us, we think it proper to say that under the decisions in this state, the remedy in cases of this kind, if any, is either by a petition for a writ of error coram nobis, Johnson v. Williams, supra, or by motion for a new trial and review by appeal, Ex parte Gammon, 255 Ala. 502, 52 So.2d 369, dependent on the circumstances of the particular case.

It results that the ruling of the trial court was proper and must be sustained.

Affirmed.

LIVINGSTON, C. J., and BROWN and LAWSON, JJ., concur.