115 So.2d 261

**Ex parte Charles Sibley WINNAGLE.**

**3 Div. 873.**

Supreme Court of Alabama.

Oct. 8, 1959.

Rehearing Denied Nov. 5, 1959.

Charles Sibley Winnagle, pro se, petitioner.

MacDonald Gallion, Atty. Gen., and Jas. W. Webb, Asst. Atty. Gen., for the State.

LAWSON, Justice.

This is an original petition for writ of habeas corpus filed in this court by Charles S. Winnagle, who is confined in Kilby Prison.

It appears from the petition that Winnagle applied to the Circuit Court of Montgomery County for the issuance of a writ of habeas corpus. § 6, Title 15, Code 1940. The petition was stricken on motion of the State.

It is averred in the petition filed here that Winnagle gave notice of appeal to the Court of Appeals from the action of the Circuit Court in striking his petition, but that no appeal has reached the Court of Appeals and that court has refused to entertain an original petition for writ of habeas corpus.

Since the case of Ex parte Simonton, 9 Port. 383, it has been regarded as settled that the writ of habeas corpus may issue from this court only when necessary in the exercise of the "general superintendence and control of inferior jurisdictions" with which it is clothed by the Constitution. § 140, Constitution of 1901; Ex parte Chaney, 8 Ala. 424; Ex parte Croom, 19 Ala. 561.

The necessity which will authorize the issuance of the writ from this court does not exist unless a judge of some court invested with jurisdiction to act in the premises, has undertaken to decide upon the case of a party aggrieved or else, without any just cause therefor, has refused to entertain the same. Ex parte Simonton, 9 Port. 383.

The practice to be pursued in obtaining the writ from this court was very deliberately and carefully prescribed in Ex parte Croom, supra. The party aggrieved by the action, or the refusal of the inferior jurisdiction to act, must on oath present a petition or application to this court, disclosing a state of case which will show that the inferior jurisdiction has erred to his prejudice, and that upon the case made before that jurisdiction, he is entitled to the relief he seeks.

The only inquiry which can be entered upon by this court is whether, upon the facts before it, the inferior jurisdiction has erred to the prejudice of the petitioner. A new case cannot be made in this court; deficiencies in the case presented to the inferior jurisdiction, if any there be, cannot be supplied.

We cannot say that the petition filed in this court shows that the Circuit Court of Montgomery County erred to petitioner's prejudice in striking the petition filed in that court.

Attached to the petition filed in the Circuit Court was a copy of the judgment of conviction entered in the Circuit Court of Tuscaloosa County in 1916. It is apparently valid on its face. The trial court's jurisdiction could not be impeached by parol testimony in a habeas corpus proceeding. Under such circumstances we cannot say that the Circuit Court erred in striking the petition, in view of our holding in Griffin v. State, 258 Ala. 557, 63 So.2d 682.

Writ denied.

STAKELY, GOODWYN, MERRILL and COLEMAN, JJ., concur.