116 So.2d 231

### Alfred G. SLOAN

v.

### STATE.

### 6 Div. 750.

Court of Appeals of Alabama.

Nov. 23, 1959.

Robt. G. Esdale, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., for the State.

## PER CURIAM.

This is an appeal from a habeas corpus proceeding wherein the appellant sought reduction in the amount of the bail fixed on appeal, the court below setting the appeal bond at $10,000.

The record before us shows that this appellant was indicted for the offense of receiving or concealing stolen goods, knowing the same to be stolen, etc.

After arrest on said indictment and pending trial, his appearance bail was fixed at $2,000.

The trial docket received in evidence shows that the trial was passed from June 1, 1959 to June 3, 1959, again passed to September 21, 1959, and on that date passed to September 22, 1959.

On this last date the appellant entered a plea of guilty and was sentenced to three years imprisonment in the penitentiary, the value of the property being fixed at $325. On that day the appellant gave notice that he would apply for probation, and a hearing on the probation petition was set for October 23, 1959, which date by later order was changed to October 16, 1959.

On October 16, 1959, the case was passed to November 13, 1959.

During all the proceedings above the original bail bond of $2,000 was continued in effect.

On November 13, 1959, the appellant was sentenced to be imprisoned in the penitentiary for a term of three years, and on that date the appellant gave notice of appeal. Sentence was suspended pending appeal and the appeal bond was fixed at $10,000.

In the proceedings below, the appellant testified that he had lived in Birmingham 36 years; that prior to his conviction he had been engaged in the automobile parts business and had run a garage; that he has been endeavouring to dispose of his business prior to entering the penitentiary and that he has made arrangements with some man in Florida to buy his business about the middle of December 1959.

Appellant further testified that at the present time he has $10.80 in cash; that his wife, his daughter, and his attorney, have all attempted to make the $10,000 appeal bond but in view of the fee demanded by the professional bondsman, i. e., $1,500, neither he nor his family have been able to make the bond.

The appellant admitted that he had had a large number of arrests for misdemeanors in Birmingham but testified that he had been convicted or had pled guilty to 19 such offenses and that the total fines he paid for all such offenses amounted to $300.

In Glenn v. State, 27 Ala.App. 102, 166 So. 437, 438, the court had before it an appeal in a habeas corpus case in which the appellant had sought reduction of his appeal bond. The trial court had fixed the appeal bond at $3,500 which this court reduced to $1,500.

In the Glenn case, supra, the appellant had been convicted for burglary. We have consulted the original record and it discloses that the appellant had been sentenced to imprisonment for a term of 6 to 8 years.

In the course of the opinion, which was per curiam, this court said:

"The fundamental law of this state is that excessive bail shall not in any case be required. Const.1901, art. 1, § 16.

"Upon the hearing of a question of this character, the ability of petitioner to make the alleged excessive bond is a material matter, and evidence thereof should be allowed. Ex parte Banks, 28 Ala. 89."

In view of the Glenn case, supra, and the facts disclosed in the hearing below in the present case, we are of the opinion that the appeal bond is excessive and prohibitive.

In consideration of the premises, it is ordered that the petitioner appellant be admitted to bail pending his appeal from the judgment of conviction pronounced and entered, and the amount of the appeal bond fixed below be reduced to the sum of $3,500 and that, upon his (petitioner) giving a written undertaking signed by himself and two sufficient sureties to be approved by the Clerk of the Circuit Court, this order shall be in force and effect as the law provides.

Reversed and remanded with instructions.