118 So.2d 738

**Ex parte Richard J. THOMAS.**

**3 Div. 896.**

Supreme Court of Alabama.

Jan. 21, 1960.

Rehearing Denied March 24, 1960.

**412**

Richard J. Thomas, pro se.

MacDonald Gallion, Atty. Gen., and Jas. W. Webb, Asst. Atty. Gen., for respondent.

LAWSON, Justice.

Richard J. Thomas filed in this court an original petition for writ of habeas corpus wherein it is made to appear that he is presently serving a 25 year sentence in Kilby Prison under a conviction of carnal knowledge of a girl under 12 years of age.

■ The writ of habeas corpus is issued by this court only when necessary in the exercise of the "general superintendence and control of inferior jurisdictions" with which it is clothed by § 140 of the Constitution. The necessity which will authorize the issuance of the writ in this court does not exist unless the judge of some court invested with jurisdiction to act in the premises has undertaken to decide upon the case of a party aggrieved or else, without any just cause therefor, has refused to entertain the same. Ex parte Winnagle, 269 Ala. 668, 115 So.2d 261, and cases cited.

Thomas avers in the petition filed in this court that he filed a petition for writ of habeas corpus in the Circuit Court of Montgomery County and that Judge Carter, one of the judges of that court, wrote him as follows: "I am returning your petition for habeas corpus as it shows on its face that it is insufficient."

■ Niceties of pleading are not favored in habeas corpus proceedings. A petition which substantially complies with the provisions of § 4, Title 15, Code 1940, and its corollary statutes is all that is necessary to secure the writ and bring before the judge the petitioner and his cause of detention. State v. Thurman, 17 Ala.App. 656, 88 So. 61.

Section 8, Title 15, Code 1940, provides for the issuance of the writ unless it appears from the petition itself or from the documents thereto annexed that the person so restrained is not entitled to the benefit of the writ. State ex rel. Attorney General v. Speake, 187 Ala. 426, 65 So. 840.

■ The petition which Thomas avers he presented to Judge Carter is not before us. As far as we are advised that petition failed to comply with the requirements of § 4, Title 15, Code 1940, to such an extent that it showed on its face that Thomas was not entitled to the benefit of the writ. § 8, Title 15, Code 1940.

The return of such a petition is not the necessity which will authorize the issuance of the writ by this court.

Thomas has not presented to this court a petition or application which discloses that Judge Carter has erred to his prejudice and that upon the case made before Judge Carter he is entitled to the relief which he seeks. Ex parte Winnagle, supra.

Thomas has also failed to make out a case for the issuance of the alternative writ of mandamus to Judge Carter as is prayed for in his so-called "Supplemental Amendment to Petition for Habeas Corpus."

■ In his original petition for writ of habeas corpus Thomas alleged that he is entitled to his release because he was convicted on false testimony. In his so-called "Second Supplemental Amendment Petition for Habeas Corpus" he avers in effect that he is entitled to his release because he was denied his constitutional right to cross-examine witnesses.

Without in any way passing on the sufficiency of such allegations to warrant relief in another type of proceeding, we observe that they are not sufficient to warrant petitioner's release in a habeas corpus proceeding. Griffin v. State, 258 Ala. 557, 63 So.2d 682; Johnson v. Williams, 244 Ala. 391, 13 So.2d 683; Sneed v. State, 157 Ala. 8, 47 So. 1028.

Writs denied.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.

### On Rehearing

Application for rehearing overruled.

■ It is not made to appear that the judgment of conviction in the circuit court

was reviewed by this court on appeal or otherwise. Hence, the application for leave to apply to the Circuit Court of Clarke County for a writ of error coram nobis is without merit and is denied. Ex parte Williams, 255 Ala. 648, 53 So.2d 334; Smith v. State, 245 Ala. 161, 16 So.2d 315.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.