122 So.2d 162

### Ex parte Edward A. ROCKHOLT.

### 3 Div. 911.

Supreme Court of Alabama.

July 14, 1960.

Edward A. Rockholt, pro se.

MacDonald Gallion, Atty. Gen., and Jas. W. Webb, Asst. Atty. Gen., for the State.

LAWSON, Justice.

This is an original petition for writ of habeas corpus filed in this court by Edward A. Rockholt pro se. Rockholt is confined in Kilby Prison under a fifteen-year sentence based on a conviction of rape in the Circuit Court of Lauderdale County in 1947.

It appears from the petition that Rockholt applied to a judge of the Circuit Court of Montgomery County for the issuance of a writ of habeas corpus. § 6, Title 15, Code 1940. The petition so presented was stricken on motion of the State.

It is averred in the petition filed here that Rockholt gave notice of appeal to the Court of Appeals from the action of the judge striking his petition, but that no appeal has reached the Court of Appeals and the clerk of that court has informed Rockholt that the Court of Appeals "has jurisdiction of petitions for habeas corpus only on appeal from the lower court." But see § 89, Title 13, Code 1940.

The writ of habeas corpus is issued by this court only when necessary in the exercise of the "general superintendence and control of inferior jurisdictions" with which it is clothed by § 140 of the Constitution. The necessity which will authorize the issuance of the writ in this court does not exist unless the judge of some court invested with jurisdiction to act in the premises has undertaken to decide upon the case of a party aggrieved or else, without any just cause therefor, has refused to entertain the same. Ex parte Winnagle, 269 Ala. 668, 115 So.2d 261, and cases cited; Ex parte Thomas, 270 Ala. 411, 118 So.2d 738.

The practice to be pursued in obtaining the writ from this court was very deliberately and carefully prescribed in Ex parte Croom, 19 Ala. 561. The party aggrieved by the decision of the inferior jurisdiction in the matter of his discharge must on oath present a petition or application to this court disclosing a state of case which will show that the inferior jurisdiction has erred to his prejudice and that upon the case made before that jurisdiction he is entitled to the relief he seeks. Ex parte Croom, supra; Ex parte Winnagle, supra.

Niceties of pleading are not favored in habeas corpus proceedings. A petition which substantially complies with the provisions of § 4, Title 15, Code 1940, and its corollary statutes is all that is necessary to secure the writ and bring before the judge the petitioner and his cause of detention. State v. Thurman, 17 Ala.App. 656, 88 So. 61.

Section 8, Title 15, Code 1940, provides for the issuance of the writ unless it appears from the petition itself or from the documents thereto annexed that the person so restrained is not entitled to the benefit of the writ. State ex rel. Attorney General v. Speake, 187 Ala. 426, 65 So. 840; Ex parte Thomas, supra.

■ The safe rule for trial judges or courts to follow is to grant the writ and dispose of the case finally upon the return to the writ unless it is very clear from the petition that petitioner is not entitled to the writ. Robertson v. State, 20 Ala.App. 514, 104 So. 561; The Law of Habeas Corpus in Alabama, by Judge Walter B. Jones, 3 Alabama Law Journal 155.

■ The amended petition which Rockholt avers he presented to a judge of the Circuit Court of Montgomery County is before us. It is almost unintelligible.

But if we assume that the amended petition did not show on its face that Rockholt was not entitled to the benefit of the writ and, therefore, the writ should have been granted and the matter of his discharge disposed of on return to the writ it does not follow that the writ must be issued here.

The petition which Rockholt has filed in this court, together with the documents filed in connection with that petition, affirmatively show that Rockholt seeks here to be discharged from custody, as he did below, by impeaching his judgment of conviction by parol testimony. He seeks to show that neither he, his counsel nor the judge of the Circuit Court of Lauderdale County was present when the jury which convicted him of the crime of rape returned its verdict, although the judgment entry shows to the contrary.

■ Where the court proceedings and conviction under which the prisoner is held are of a court of competent jurisdiction and are regular on their face, it is not permissible to impeach the court's jurisdiction by parol testimony. It is only when invalidity appears on the face of the proceedings that it may be impeached on habeas corpus. Vernon v. State, 240 Ala. 577, 200 So. 560; Johnson v. Williams, 244 Ala. 391, 13 So.2d 683; Davis v. State, 153 Ala. 73, 45 So. 154.

So even if we assume that the judge of the Circuit Court of Montgomery County acted erroneously in not granting the writ upon presentation to him of Rockholt's amended petition, we will not do the futile act of ordering the issuance of the writ of habeas corpus where the very papers presented to us by Rockholt affirmatively show he is not entitled to be discharged on the grounds asserted.

The writ of habeas corpus is denied, as are the several motions filed in connection therewith.

Writ denied.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.