145 So.2d 216

Grant COOPER

v.

Martin J. WIMAN, Warden, Kilby Prison.

3 Div. 975.

Supreme Court of Alabama.

Sept. 20, 1962.

Grant Cooper, pro se.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for appellee.

LIVINGSTON, Chief Justice.

This is an appeal from the Circuit Court of Montgomery County denying appellant's discharge in a habeas corpus proceeding.

Appellant was arrested in November of 1954 for the killing of one Larry Roger Piotrowski in Mobile County, Alabama. Subsequently, he was indicted by the Mobile County Grand Jury for murder in the first degree, and in May, 1955, pleaded guilty to said indictment and was sentenced to life imprisonment. He took no appeal from this judgment and sentence.

■ In June, 1961, he filed his petition for habeas corpus in the Montgomery Circuit Court, alleging that his judgment of conviction was an absolute nullity and void upon the following single ground:

"When he plead guilty and was sentenced, he was under the influence of Narcotic drugs, as a consequent thereof, his plea of guilty was incompetent and unintelligent; therefore the judgment of conviction is an absolute nullity and void."

We think the trial court would have been justified in refusing to take jurisdiction, since the petition shows on its face that the only issue presented was a factual one that could not be reached in a habeas corpus proceeding under Alabama law. Griffin v. State, 258 Ala. 557, 63 So.2d 682; Ex parte Winnagle, 269 Ala. 668, 115 So.2d 261. However, the trial court following our suggestion in Ex parte Rockholt, 271 Ala. 68, 122 So.2d 162, saw fit to issue the writ. Subsequently, the Attorney General filed his motion to vacate the writ and remand the petitioner to the custody of respondent, Martin J. Wiman, Warden of Kilby Prison.

The Warden of Kilby Prison, where appellant is incarcerated, filed his return to the writ. This return shows a lawful complaint and warrant of arrest, a valid indictment, and a judgment of guilty and sentence thereon. The judgment entry shows that the defendant was present with his counsel, and that two days prior to the date of his trial, the defendant, in his own proper person and with his attorney, was allowed to withdraw his plea of "not guilty" and substitute therefor his plea of guilty. The judgment entry further recites that a jury was duly empaneled and sworn according to law, and that said jury, having heard the evidence and the charges of the court, upon their oaths in open court, and in the presence of the defendant and the defendant's attorney, found:

"We, the Jury, find the defendant guilty of murder in the First Degree, as charged in the indictment, on his plea of guilty, and further find that he be imprisoned in the penitentiary for the term of his natural life."

■ Appellant in his petition did not charge that any constitutional rights belonging to him were violated. His bare contention is that the judgment of conviction is an absolute nullity and void because he was under the influence of narcotic drugs. It is a well-settled principle of law in Alabama that a writ of habeas corpus cannot be used to replace a writ of error or an appeal. Warden v. State, Ala.App., 134 So.2d 783. The trial court committed no error in discharging the writ and ordering the appellant remanded to the custody of the Warden of Kilby Prison. Griffin v. State, supra; Ex parte Winnagle, supra.

Encouraged by some recent federal court decisions, the criminal of today makes a mockery of our judicial system. Finality of a criminal judgment and sentence today is as outmoded as the Model-T. State and federal courts are now being besieged by prisoners who want a rehearing or a new trial, or any type of hearing which will set them free. Guilt or innocence is no longer the paramount question to be resolved. Indeed, in most of the applications for extraordinary writs by these incarcerated prisoners, they make no claim of innocence, and the allegations of error which they set forth know no bounds except those of their own imagination. Nowhere in this proceedings does appellant assert, or even intimate, that he is not guilty of murder, to which he pleaded guilty. To illustrate further the recklessness with which charges are made, we need go no further than the instant case, for in the brief filed on this appeal, this appellant at this late date charges "that the judgment of his conviction is an absolute

nullity and void for reason that he was intimidated by the Circuit Solicitor in pleading guilty." This charge nowhere appears in his petition which he filed in the trial court, and he cleverly conceals any factual statement in brief that would even suggest a remote probability of the truth of this allegation.

Judge Harwood, Presiding Judge of the Court of Appeals (now a Justice of this Court), in Warden v. State, Ala.App., 134 So.2d 783, pointed out most vividly the proclivity of prisoners incarcerated in prison or jails to file petitions and extraordinary writs of every character and description. A great number of these applications for extraordinary writs rely heavily on such cases as Sublett v. Adams, Warden, 362 U.S. 143, 80 S.Ct. 527, 4 L.Ed.2d 527. The petitioners take great comfort in the fact that no matter how frivolous their allegations or how utterly deficient their pleadings may be, the state must respond to these ofttimes unintelligible pleadings, letters or memorandums, and/or proceed to costly and time-consuming hearings. The petitioners have nothing to lose, for they know that the very least they can obtain is a day away from their prison surroundings.

Also, Judge Gewin, in his special concurrence in the case of Wiman, Warden et al v. Argo, Alias, 308 F.2d 674, in the United States Court of Appeals for the Fifth Circuit (August 1962), states as follows:

"We have no quarrel with the philosophy that makes sure that innocent men are not punished, that meritorious claims are not slighted, and that miscarriages of justice should be corrected at all costs. It is doubtful however, that federal judges with federal procedure serve these principles any better than state judges with state procedure. The federal courts are filled with frivolous and repeated petitions seeking release from confinement on strange and unusual grounds. Often such petitions are based upon assertions of alleged facts, which have originated in the fertile minds of cunning criminals. There are numerous examples where federal courts, no doubt prompted by the highest motives, have released dangerous state prisoners who could not be retried for heinous crimes because of the lapse of time or the absence of witnesses. Of interest is an article entitled 'Federal Habeas Corpus Review of State Court Convictions' by Honorable Charles S. Desmond, Chief Judge, New York Court of Appeals, 50 Georgetown Law Journal 755 (1962). Judge Desmond commences his article with the following quotation attributed to Justice Robert H. Jackson:

" ' * * * call it res judicata or what one will, courts ought not to be obliged to allow a convict to litigate again and again exactly the same question on the same evidence. * * * The writ has no enemy so deadly as those who sanction the abuse of it, whatever their intent.' "

As stated in Warden v. State, supra:

" * * * We think it high time that the judgments of a trial court be given some presumption of validity, and that it should not be assumed that a criminal has been deprived of due process of law simply because he is desirous of escaping punishment for the crime for which a jury and a competent and just judge have found him guilty.

"Society, too, has a strong social interest in the protection of its law-abiding citizens from rapacities of the criminally inclined."

We find no error to reverse and the case is accordingly affirmed.

Affirmed.

GOODWYN, COLEMAN and HARWOOD, JJ., concur.