168 So.2d 242

**Ex parte Roy NORRIS.**

**3 Div. 161.**

Supreme Court of Alabama.

Oct. 22, 1964.

Roy Norris, pro se.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

LAWSON, Justice.

Roy Norris has filed in this court an instrument which is styled "Petition for Writ of Habeas Corpus." It appears from the petition that Norris was convicted of burglary and grand larceny on October 18, 1960, and was sentenced to a term of eight years. While there is no statement in the

petition indicating in which court Norris' trial was held, there are exhibits to the petition which show that he was tried, convicted and sentenced in the Circuit Court of Jefferson County, Bessemer Division. It is not shown in the petition where Norris was confined on July 29, 1964, the day on which the petition was filed in this court. A letter written in March, 1963, which is made an exhibit to the petition, was addressed to Norris at Kilby Prison.

The writ of habeas corpus is issued by this court only when necessary in the exercise of the "general superintendence and control of inferior jurisdictions" with which it is clothed by § 140 of the Constitution. The necessity which will authorize the issuance of the writ in this court does not exist unless the judge of some court invested with jurisdiction to act in the premises has undertaken to decide upon the case of a party aggrieved or else, without any just cause therefor, has refused to entertain the same. Ex parte Thomas, 270 Ala. 411, 118 So.2d 738; Ex Parte Winnagle, 269 Ala. 668, 115 So.2d 261, and cases cited.

Norris avers in his petition filed here that he filed a petition for writ of habeas corpus in the Circuit Court of Montgomery County on June 30, 1964, and that ———— days have elapsed since that petition was received by the Circuit Court of Montgomery County and that no action had been taken thereon.

We do not think that the allegations summarized above are sufficient to show that the judge of the Circuit Court of Montgomery County has erred to Norris' prejudice. Moreover, since Norris filed his petition for writ of habeas corpus in this court he has forwarded to this court a copy of a writ of habeas corpus issued by Judge Eugene W. Carter on August 12, 1964.

In the motion to dismiss filed by the State of Alabama, it is averred that a habeas corpus hearing was set in the Circuit Court of Montgomery County on August 20, 1964, but a continuance of that hearing was granted at the request of Norris. These averments of the motion to dismiss are not controverted.

In view of the circumstances outlined above, we do not think that a case is made for the issuance by this court of a writ of habeas corpus.

We are unaware of any holding by this court or by the federal courts to the effect that one who files an original petition for writ of habeas corpus in this court is entitled as a matter of right to have counsel appointed to represent him. Norris' request for the appointment of counsel is denied.

Writ denied.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.