179 So.2d 749

**Ex parte Robert H. HORNBUCKLE.**

**Misc. No. 65.**

Supreme Court of Alabama.

Nov. 4, 1965.

Robert H. Hornbuckle, pro se.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

GOODWYN, Justice.

This is an original petition for leave to apply to the circuit court of Madison County for a writ of error coram nobis. Petitioner alleges that he is a prisoner, confined in Kilby Prison, "by virtue of a judgment of conviction and sentence of law rendered in the Madison County Circuit Court, April 12th, 1957," and that said judgment was thereafter reviewed by the Alabama Supreme Court and the judgment affirmed in November, 1958. This Court's records disclose that the appeal was dismissed and that the judgment was not affirmed. See: Hornbuckle v. State, 268 Ala. 347, 105 So.2d 864.

The State has filed a motion to dismiss the appeal on the ground that this court "is without jurisdiction to pass upon this petition." The motion is well-taken

and is due to be granted. Application to this court for leave to proceed in the circuit court is necesssary only in cases where this court has assumed and exercised its appellate jurisdiction to review the judgments of *nisi prius* courts on appeal or writ of error and through such review the judgment of the trial court has become merged in the judgment of the Supreme Court. Where there has been no such review, as is the situation here, this court is without jurisdiction. Petitioner's application must be directed to the circuit court in which the trial was held. See: Ex parte Bland, 273 Ala. 449, 142 So.2d 872; Ex parte Thomas, 270 Ala. 411, 118 So.2d 738, cert. den. Thomas v. Burford, 363 U.S. 822, 80 S.Ct. 1263, 4 L.Ed.2d 1521; Ex parte Williams, 255 Ala. 648, 53 So.2d 334; Smith v. State, 245 Ala. 161, 16 So.2d 315; Ex parte Phillips, 40 Ala.App. 647, 120 So.2d 580.

No intimation whatever is intended, by anything said in this opinion, that the petition meets the requirements for a petition for a writ of error coram nobis or that the grounds of the petition would warrant the granting of such writ.

Petition dismissed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.