191 So.2d 827

**Ex parte O. L. COOPER, Sr.**

**3 Div. 212.**

Court of Appeals of Alabama.

Sept. 27, 1966.

Rehearing Denied Oct. 25, 1966.

O. L. Cooper, Sr., pro se.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

This is an original petition for writ of habeas corpus seeking reduction of bail

pending appeal from a conviction in the Circuit Court of Montgomery County, with a penitentiary sentence of six years. It is averred that bail pending appeal was fixed by the trial judge at $30,000.

In Ex parte Winnagle, 269 Ala. 668, 115 So.2d 261, it is said:

"The necessity which will authorize the issuance of the writ from this court does not exist unless some court, or the judge of some court invested with jurisdiction to act in the premises, has undertaken to decide upon the case of a party aggrieved or else, without any just cause therefor, has refused to entertain the same."

See also Ex parte Rockholt, 271 Ala. 68, 122 So.2d 162.

■ Before we could grant the relief prayed for, it must first be shown that application for reduction of bail has been denied by the circuit judge, or that he has, without just cause, refused to entertain the same. Sanders v. State, 42 Ala.App. 419, 167 So.2d 174.

Writ denied.

ON REHEARING

On rehearing petitioner states that we are in error in assuming that he had not applied to the trial court for reduction in the amount of bail. He states that he filed petition for reduction of bail in the Circuit Court of Montgomery County on August 31, 1965; that his application was heard and denied by Judge Carter, one of the judges of that court.

■ In Ex parte Burton, 275 Ala. 345, 155 So.2d 298, the original habeas corpus petition filed in the Supreme Court alleged that petitioner had applied to a judge of the circuit court of Montgomery County for a writ of habeas corpus, a hearing had been held and the writ denied. The court stated:

" * * * the proper method of reviewing the circuit judge's action is by appeal,

**440**

and not by original petition for habeas corpus addressed to this court."

See also Glenn v. State, 27 Ala.App. 102, 166 So. 437; Johnson v. State, 30 Ala.App. 593, 10 So.2d 298; Sloan v. State, 40 Ala.App. 495, 116 So.2d 231.

Application overruled.