PATTERSON, Judge.
Childers appeals the summary dismissal of his pro se petition for writ of habeas corpus claiming that he is being illegally incarcerated in the West Jefferson Correctional Center, a branch of the Alabama prison system. The record reflects that he is serving a twenty-three year sentence for robbery and assault with intent to rob. He alleges that he has served more than his twnety-three year sentence, and that due to a miscalculation by the prison officials of the time served, he is being illegally detained. He claims that if he *1097 were properly credited with the time he has served he would be entitled to his immediate release. The State filed a motion to dismiss, avering, inter alia, that the petition for writ of habeas corpus was not properly verified by oath. The trial court granted the motion to dismiss on the grounds that the petition was not verified by oath as required by law. Section 15-21-4, Code of Alabama 1975, provides that the petition “[m]ust be verified by the oath of the applicant to the effect that the statements therein contained are true to the best of his knowledge, information and belief .... ” Childers apparently signed his petition before a notary public, and beneath his signature is the following acknowledgement: “Subscribed and Sworn to before me this 31st day of October, 1983. Signed Betty J. Rogers Notary Public.” The notary public’s seal is affixed. Does this acknowl-edgement satisfy the requirements of § 15-21-4? We think so. Niceties of pleading are not favored in habeas corpus proceedings. A petition which substantially complies with the provisions of § 15-21-4, and its corollary statutes is all that is necessary to secure the writ and bring before the judge the petitioner and his cause of detention. Rice v. State. [Ms. 5 Div. 885, June 5, 1984] (Ala.Crim.App.1984); Ex parte Thomas, 270 Ala. 411, 118 So.2d 738, cert. denied, 363 U.S. 822, 80 S.Ct. 1263, 4 L.Ed.2d 1521 (1960); Ex parte Rockholt, 271 Ala. 68, 122 So.2d 162 (1960), cert. denied 364 U.S. 935, 81 S.Ct. 384, 5 L.Ed.2d 368 (1961); State v. Thurman, 17 Ala.App. 656, 88 So. 61 (1921). In Powers v. Bryant’s Adm’r., 7 Port. 9 (Ala.1838), the Alabama Supreme Court, in considering the proper verification for a plea in abatement, stated:
“The verification at the foot of the plea, stating it to have been sworn to, and subscribed in open court, (as certified by the Clerk,) is certainly a sufficient compliance with the statute, which requires such pleas to be accompanied with an affidavit of their truth.
“The words ‘sworn to’ clearly refer to the plea, and must be taken to mean, that the testator declared on oath, the facts it set forth were true.”
The words “sworn to” at the foot of Childers’s petition must be taken to mean that he declared on oath that the allegations set forth in his petition were true, and we are of the opinion that this satisfied the requirements of verification in § 15-21-4.
The case of O’Such v. State, 423 So.2d 317 (Ala.Crim.App.1982), relied upon by the Appellee to support its contention that the petition was not properly verified, is distinguishable from the instant case. In that case the petition was not notarized and there was no jurat of any kind.
The circuit court erred in summarily granting the State’s motion to dismiss.
Therefore, the trial court’s judgment dismissing Childers’s petition for writ of habe-as corpus is hereby set aside and vacated and this cause is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.