TAYLOR, Judge.
Robert S. Gilchrist was convicted of murder and sentenced to life imprisonment. His conviction was affirmed on appeal. Gilchrist v. State, 466 So.2d 988 (Ala.Cr.App.1984), aff’d, 466 So.2d 991 (Ala.1985). One of his issues raised on appeal involved the propriety of the prosecuting attorney's also being a witness. The opinion recognized that the prosecutor was incorrect in assuming both roles — other convictions have been reversed for such impropriety. Waldrop v. State, 424 So.2d 1345 (Ala.Cr.App.1983). However, in the appellant’s trial, there was no objection, so the error was not preserved, “and error cannot be asserted thereon for the first time on appeal. - The failure to object waived the pros-ecutorial error.” Gilchrist v. State, supra, at 994. But see, Tarver v. State, 492 So.2d 328 (Ala.Cr.App.1986).
The appellant now appeals from the denial of a petition for writ of habeas corpus, filed in Escambia County Circuit Court, alleging ineffective assistance of counsel. The claim of right to counsel is not cognizable under a writ of habeas corpus. Anderson v. State, 41 Ala.App. 502, 139 So.2d 352 (1961), cert. denied, 273 Ala. 703, 139 So.2d 352, cert. denied, 370 U.S. 963, 82 S.Ct. 1621, 8 L.Ed.2d 829 (1962). Instead, the appellant needs to file a petition for writ of error coram nobis in the circuit court in which he was convicted, Mobile. Based on his petition filed herein, he should be granted an evidentiary hearing in Mobile to air his claim of ineffective assistance of counsel. Accordingly, the denial of appellant’s petition of writ of habeas corpus by the Escambia County Circuit Court is affirmed.
AFFIRMED.
All the Judges concur.