BOWEN, Presiding Judge.
This Court accepted jurisdiction of this matter upon petition of the Morgan Circuit Court. It appears that the Circuit Court of Morgan County and the Circuit Court of Barbour County disagree over the proper venue for the petitions filed by Theotis Baker. The dispute involves whether Baker’s pro se petitions titled “petitions for writ of habeas corpus,” should be treated as petitions for writ of habeas corpus or petitions for post-conviction relief.
If Baker’s petitions are treated as habeas corpus petitions, they must be filed in the county of the “nearest circuit court judge,” which is Barbour County, pursuant to Ala. Code 1975, § 15-21-6. If the petitions are actually petitions for post-conviction relief, they must be “filed in and decided by the court in which the petitioner was convicted,” Rule 32.5, A.R.Crim.P., which, in this case, is Morgan County.
Two substantially identical petitions were filed in Barbour County Circuit Court. In each petition, the petitioner challenges his 1990 Morgan County conviction for theft of property in the second degree, alleging that the evidence was insufficient to support his conviction and that his counsel was ineffective.
On March 17, 1993, the District Attorney of Barbour County filed a motion to transfer the petitions to Morgan County on the ground that the petitions were “in the nature of a Rule 32 Action.” The motion to transfer was granted on March 19, 1993.
On April 5, 1993, the Circuit Court of Morgan County reviewed the petitions and ordered them returned to Barbour County, finding that the “petitions are petitions for Writ of Habeas Corpus and styled as such.”
On April 15, 1993, the Circuit Court of Barbour County ordered the petitions transferred back to Morgan County, and entered the following finding:
“This Court again examined the petitions in the above numbered cases and finds the petitioner alleges two major grounds for relief. The first being insufficiency of evidence and the second being ineffective assistance of counsel. Further, the relief requested is a reversal of the judgment and a new trial. The grounds alleged for relief and the relief requested are proper under a Rule 32 Petition but, not in a Petition for Writ of Habeas Corpus.”
On April 19, 1993, the Circuit Court of Morgan County requested this Court to *150 resolve this issue, representing that there is a “genuine disagreement” between it and the Barbour circuit court and that “[t]his controversy cannot be resolved between the two Circuits, and going unresolved will result in the petition being passed and transferred back and forth between the Circuits indefinitely.”
This Court assumes jurisdiction of this controversy pursuant to § 6.03(d), Amendment Number 328, Alabama Constitution 1901, which provides, in pertinent part, that the Court of Criminal Appeals “shall have authority to issue writs of injunction, habeas corpus and such other remedial and original writs as are necessary to give it a general superintendence and control of jurisdiction inferior to it and in matters over which it has exclusive appellate jurisdiction.” While we invoke the authority of § 6.03(d) cautiously and only in the rarest instance, it appears that our exercise of jurisdiction is necessary in this case in order to settle what appears to be an irreconcilable conflict of legal opinions between two different circuit courts.
“This court has consistently held in numerous opinions that when a petition that is styled ‘Petition for Writ of Habe-as Corpus’ is filed and the allegations raised therein are cognizable in a proceeding under Rule 32, the cause should be entertained in the court of original conviction and the petitioner should be given the opportunity to file a proper post-conviction petition as required by Rule 32.6(a)....”
Drayton v. State, 600 So.2d 1088 (Ala.Cr.App.1992).
“It is clear that many, if not most, of the habeas corpus petitions brought to this court on appeal are petitions that should be entertained in a Rule 32 proceeding. This court is well aware that many of these petitions are being styled as habeas corpus petitions deliberately to avoid the limitations period of Rule 32.-2(c) or because the inmates have previously filed a petition seeking post-conviction relief that was decided on the merits, and thus, any additional petitions would most likely be considered successive under Rule 32.2(b). Therefore, by strict adherence to the Rules of Criminal Procedure, an. inmate has only one opportunity to present all allegations in a single post-conviction proceeding, unless, in a second proceeding alleging new grounds, he can show good cause why these new allegations raised in the petition were not raised in the previous petition. Rule 32.2(b), A.R.Crim.P. Furthermore, most of these allegations will have to be raised in a petition which is filed within two years of the certificate of judgment of a conviction or within two years after the time for filing an appeal lapses. Rule 32.2(c), A.R.Crim.P.
“When a post-conviction petition seeking relief from conviction or sentence is filed with the circuit court that is not in the proper form as prescribed by Rule 32, notwithstanding the style of the petition, the court should return the petition to the petitioner to allow him to file the proper form. In many instances, the petitioner will not file another petition if he has filed a previous petition or if the limitations period has run because he knows his attempt will be unsuccessful. However, if the petitioner files another petition, which is successive or which is barred by the limitations period, the circuit court will deny the petition. By strictly following this procedure, the petitioner will have one opportunity to have his allegations fairly and thoroughly reviewed. Hopefully, this will control the problem created by the filing of multiple petitions challenging the same conviction. Therefore, this case is remanded to the circuit court with directions that the petition for writ of habeas corpus be returned to the appellant so that he can have the opportunity to file a proper Rule 32 petition as required by Rule 32.6, A.R.Crim.P.”
Id. at 1091. “A petition for writ of habeas corpus cannot be used to circumvent the requirements of Rule 32.” Salter v. State, 606 So.2d 209, 211 (Ala.Cr.App.1992).
“The claim of right to counsel is not cognizable under a writ of habeas corpus. Anderson v. State, 41 Ala.App. 502, 139 *151 So.2d 352 (1961), cert. denied, 273 Ala. 703, 139 So.2d 352, cert. denied, 370 U.S. 963, 82 S.Ct. 1621, 8 L.Ed.2d 829 (1962).” Gilchrist v. State, 500 So.2d 78, 79 (Ala.Cr.App.1986). “[T]he proper court to hear a post-conviction petition claiming ineffective assistance of counsel is the circuit court in which the original conviction took place. Johnson v. State, 568 So.2d 365 (Ala.Cr.App.1990), [cert. denied, 568 So.2d 365 (Ala.1990) ].” H. Maddox, Alabama Rules of Criminal Procedure § 32.5 at 185 (Supp.1992).
The alleged insufficiency of the evidence to support a conviction is a ground for a petition for post-conviction' relief and not for a writ of habeas corpus.
“In essence, the purpose of the petition addressed to the Circuit Court and the petition brought to this Court is to review and reverse the verdict and judgment of conviction for insufficiency of the evidence. Habeas corpus is not a revisory remedy and cannot be made to answer the purpose of an appeal, certio-rari, or writ of error. Redus v. Williams, 244 Ala. 459, 13 So.2d 561, certiorari denied, 320 U.S. 775, 64 S.Ct. 85, 88 L.Ed. 464; Cooper v. Wiman, 273 Ala. 699, 145 So.2d 216, certiorari denied, 371 U.S. 958, 83 S.Ct. 516, 9 L.Ed.2d 505.”
Price v. Holman, 279 Ala. 324, 325, 184 So.2d 835 (1966).
Baker’s pro se “petitions for writs of habeas corpus” allege grounds cognizable only in a petition for post-conviction relief pursuant to Rule 32, A.R.Crim.P. Venue is in Morgan County, the county of conviction. The Morgan Circuit Court is directed to return the “petitions for writs of habeas corpus” to the petitioner so that he may file them on the proper form pursuant to Rule 32.6(a), A.R.Crim.P. The proceedings thereafter shall continue according to the procedures established by Rule 32, A.R.Crim.P.
REVERSED AND REMANDED.
All Judges concur.