PATTERSON, Judge.
The appellant, Dennis Davis, appeals from the circuit court’s denial of his petition for a writ of habeas corpus in which he contested two prison disciplinary actions — one on August 4, 1993, and one on September 27, 1993 — for consumption or use of or being under the influence of alcohol, narcotics, or other intoxicants, in this particular case “Cannabinoid.” Davis alleged in his petition that his right to due process was violated because there was no evidence presented at the hearings on the disciplinary actions as to the proper chain of custody of the urine samples that had tested positive for the use of contraband and that provided the eviden-tiary basis for the two disciplinary actions.
On appeal, Davis contends that the circuit court erred in denying his petition, specifically the assertion that the proper chain of custody for the samples had not been shown at the two disciplinary proceedings. He points to the arresting officer’s statement, in response to Davis’s written request that documentation of the chain of custody be provided to the September 27 hearing officer, that one “was not available.”
Davis cites, as authority for his argument, Martin v. State, 616 So.2d 384, 385 (Ala.Cr. App.1993), wherein the court held:
“[W]here an inmate has been charged with the use of a controlled substance in a prison disciplinary action, a proper chain of custody of any urine sample taken for drug testing purposes must be established by either oral and/or documentary evidence where those results are introduced in evidence against the inmate.”
The Martin court, quoting Bourgeois v. Murphy, 119 Idaho 611, 809 P.2d 472, 482 (1991), explained that “ Vhen there is no documentation of the chain of custody to show that that which was analyzed by the laboratory came from the inmate in question, there is no test from a legal standpoint.’ ” 616 So.2d at 387. As is the case with Davis’s samples, documentary evidence of the chain of custody was contained in the record of the habeas corpus petition, but was not introduced into evidence at the disciplinary proceeding. Also, the sole evidence upon which both Davis’s and Martin’s disciplinary actions rested was the positive urine sample.
The state asks this court to remand this case for the state to reinitiate and rehear Davis’s two disciplinary actions or for the two disciplinaries to be expunged from Davis’s record. We commend the state for its candid response to Davis’s argument and for its consideration of the reality of limited judicial resources.
We find that Davis is entitled to new disciplinary hearings, at which evidence of the proper chain of custody of the urine samples, if there is any, is introduced. Thus, the judgment of the circuit court denying Davis’s petition is reversed. The circuit court is to set aside the results of the two disciplinary proceedings, and Davis must be afforded new hearings, unless the state chooses not to pursue the charges.
REVERSED AND REMANDED.
All Judges concur.