PATTERSON, Judge.
George Sherer appeals from the circuit court’s denial of his habeas corpus petition. Sherer was found guilty, in a prison disciplinary proceeding, of the use of marijuana. On appeal, he contends that the state failed to present evidence of a proper chain of custody of Sherer’s urine sample. At the hearing, Officer Barry Holland testified that on July 5, 1994, he took the urine sample from Sherer at Hamilton Work Release Center. He further testified that on July 11,1994, Officer Thomas Beasley tested the sample at Limestone Correctional Facility, and that the sample tested positive for marijuana. The specimen report, prepared and signed by Beasley, was considered by the hearing board and is contained in the record. No further evidence was introduced to support the hearing board’s findings.
We find merit in Sherer’s contention that the circuit court erred in denying his petition, because the state failed to present evidence of a proper chain of custody of Sherer’s urine sample. We find support for this holding in Martin v. State, 616 So.2d 384, 385 (Ala.Cr.App.1993), where this court held:
“[Wjhere an inmate is charged with the use of a controlled substance in a prison disciplinary action, a proper chain of custody of any urine sample taken for drug testing purposes must be established by either oral and/or documentary evidence where those results are introduced in evidence against the inmate.”
See also, Davis v. State, 648 So.2d 658 (Ala.Cr.App.1994).
In this ease, the state failed to show the chain of custody by either oral or documentary evidence. Furthermore, as was the case in Martin and Davis, the state presented no evidence other than the positive urine sample.
We find that Sherer is entitled to a new disciplinary hearing at which the state must produce evidence of a proper chain of custody. We therefore reverse the judgment, and remand the case for the state either to recommence disciplinary proceedings against Sherer, or to dismiss the disciplinary action and remove it from Sherer’s record.
REVERSED AND REMANDED.
All Judges concur.