Robert Earl Woods petitions this Court for a writ of mandamus; he asks us to direct the Montgomery Circuit Court to vacate its order, which converts Woods's petition for the writ of certiorari into a petition for a writ of habeas corpus and transfers the petition to the St. Clair Circuit Court. We grant Woods's mandamus petition.
While Robert Earl Woods was detained at the St. Clair Correctional Facility, he was accused of possessing contraband and of lying to a corrections officer. After hearings, a disciplinary board of the Alabama Department of Corrections ("the DOC") found Woods guilty of violating certain prison regulations, and it imposed sanctions, including removing Woods from working in the leather shop, removing him from the "Incentive Package Program," removing him as president of St. Clair Volunteers In Correction Program, and making him ineligible for transfer to a correctional institution closer to his home. In addition, Woods became ineligible for placement in the "Faith Based Honor Dorm."
By way of a petition for a writ of certiorari, Woods petitioned the Montgomery Circuit Court for review of the disciplinary board's ruling. The DOC moved the Montgomery Circuit Court to convert Woods's certiorari petition into a petition for a writ of habeas corpus and to transfer the habeas corpus petition to the Circuit Court in St. Clair County, the county in which Woods is incarcerated. The Montgomery Circuit Court granted the DOC's motion.
Woods petitioned the Court of Criminal Appeals for a writ of mandamus directing the Montgomery Circuit Court to vacate its order. The Court of Criminal Appeals *Page 261 
dismissed Woods's mandamus petition, without an opinion. Exparte Woods (No. CR-04-2046, July 14, 2005), ___ So.2d ____ (Ala.Crim.App. 2005) (table).
Woods now petitions this Court for a writ of mandamus; he asks us to direct the Montgomery Circuit Court to vacate its order converting Woods's petition for a writ of certiorari into a petition for a writ of habeas corpus and transferring his petition to the St. Clair Circuit Court.
 "`A writ of mandamus is an extraordinary form of relief.' Ex parte Alabama Dep't of Mental Health Mental Retardation, 837 So.2d 808, 810
(Ala. 2002). `[A] writ [of mandamus] will issue only upon a showing of "(a) a clear legal right in the petitioner to the order sought, (b) an imperative duty upon the respondent to perform, accompanied by a refusal to do so, (c) the lack of another adequate remedy, and (d) the properly invoked jurisdiction of the court."' Ex parte Puccio, 923 So.2d 1069, 1072 (Ala. 2005) (quoting Ex parte McInnis, 820 So.2d 795, 798 (Ala. 2001))."
Ex parte City of Tuskegee, 932 So.2d 895, 900
(Ala. 2005).
Woods argues that the proper vehicle to challenge the disciplinary board's ruling is a petition for the writ of certiorari, not a petition for the writ of habeas corpus, because, he says, the sanctions imposed do not implicate any liberty interest. Therefore, Woods argues, the Montgomery Circuit Court's conversion of his petition into a petition for the writ of habeas corpus was improper.
Generally, review by way of a petition for the writ of habeas corpus is not appropriate unless the inmate alleges a deprivation of a liberty interest or unless a liberty interest is at stake. See § 15-21-1, Ala. Code 1975 ("Any person who is imprisoned or restrained of his liberty in the State of Alabama on any criminal charge . . . may prosecute a writ of habeas corpus. . . ."). See also Ex parteBoykins, 862 So.2d 587, 591 (Ala. 2002) ("The courts of this State have long recognized that the only purpose of the writ of habeas corpus is to afford relief against actual restraints upon liberty."); State v. Speake, 187 Ala. 426, 427,65 So. 840, 841 (1914) ("The writ of habeas corpus has been defined, or rather described, as `that legal process which is employed for the summary vindication of the right of personal liberty when illegally restrained.'"); and Williams v. State, 42 Ala.App. 140, 140, 155 So.2d 322, 323 (1963) ("`It should always be borne in mind that the applicant for the writ of habeas corpus is not entitled to the writ unless he is actually restrained of his liberty. . . . Mere moral restraint (such as a military arrest, confinement to quarters, or parole, for example), as distinguished from actual confinement, is generally insufficient to warrant issuance of the writ.'" (quoting Walter B. Jones, Habeas Corpus, State and Federal, Ala. Law. 384 (Oct. 1952))). Thus, the protections of due process are implicated only when a loss of a protected liberty interest is at stake. See, e.g., Wolff v. McDonnell, 418 U.S. 539,558, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and Slawson v.Alabama Forestry Comm'n, 631 So.2d 953, 957 (Ala. 1994).
Woods alleged in his petition for certiorari review that he was denied due process (1) "upon a finding that he was guilty of possession of contraband," (2) "for sanctions placed upon him that [were] not imposed by the Hearing Officer," (3) "when the Wardens refused to give him copies of the approved Disciplinaries Report which lists the finding of facts to the Circuit Court for review," (4) "when he was punished beyond the subscribed punishment designed by the Hearing Officer," and (5) "when the Hearing Officer refused *Page 262 
to consider the evidence present[ed] by [Woods]." (Woods's certiorari petition, pp. 3-4, 8.) Although Woods does frame his substantive arguments in terms of due-process violations and although an inmate is entitled to due process only when a liberty interest is at stake, Woods states separately that he has not been deprived of any liberty interest. The sanctions the DOC imposed against him did not involve any liberty interest.
Therefore, Woods's certiorari petition cannot be reviewed as a petition for the writ of habeas corpus; it does not seek relief from a restraint on any liberty Woods presently enjoys. Thus, Woods has a clear legal right to have the trial court's order, which converts his certiorari petition into a petition for the writ of habeas corpus and on that basis transfers the petition to the St. Clair Circuit Court, vacated.
Woods also has a clear legal right to have his certiorari petition heard by the Montgomery Circuit Court. A petition for the writ of certiorari against the DOC should be filed in the Montgomery Circuit Court, the location of the DOC's headquarters. See Boykins v. State, 862 So.2d 594, 595
(Ala.Crim.App. 2003) ("a petition for writ of certiorari against an administrative agency, in this instance, DOC, should be filed in `the Circuit Court of Montgomery County or in the circuit court of the county in which the agency maintains its headquarters'" (quoting § 41-22-20(b), Ala. Code 1975)).See also § 6-3-9, Ala. Code 1975 ("All actions where the prison system or the state on account of the prison system is interested must be commenced in Montgomery County in any court having jurisdiction of the amount involved. . . ."). Thus, because Woods's petition for the writ of certiorari is in substance a certiorari petition seeking review of the actions of the DOC, Woods is clearly entitled to have that petition heard in the Montgomery Circuit Court.
"This Court has recognized that `[a] petition for the writ of mandamus is the appropriate means by which to challenge a trial court's order regarding a change of venue.'" Ex parteHarper, 934 So.2d 1045, 1047 (Ala. 2006) (quoting Exparte Children's Hosp. of Alabama, 931 So.2d 1, 5
(Ala. 2005)). As we discuss above, pursuant to § 41-22-20(b), Ala. Code 1975, venue for Woods's certiorari petition is proper only in the Montgomery Circuit Court. Therefore, the trial court erred in transferring Woods's petition to the St. Clair Circuit Court.
We conclude that Woods has established a clear legal right to have his certiorari petition heard in the Montgomery Circuit Court. We therefore grant Woods's petition for the writ of mandamus, and we direct the Montgomery Circuit Court to vacate its order converting Woods's petition for the writ of certiorari into a petition for the writ of habeas corpus and transferring that petition to the St. Clair Circuit Court.[1]
PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and HARWOOD, STUART, and BOLIN, JJ., concur.
[1] Nothing in this opinion should be construed as an expression on the merits of Woods's certiorari petition. *Page 263