[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 400 
During a prison disciplinary proceeding, the appellant, Ildefonso Austin, an inmate incarcerated at St. Clair Correctional Facility, was found guilty of intentionally creating a security, safety, or health hazard, a violation of Rule # 62, Regulation # 403. He was sanctioned with placement in disciplinary segregation for 15 days and the loss of visitation, telephone, and store privileges for 45 days. The appellant filed a petition for a writ of certiorari in the Montgomery Circuit Court, alleging that prison officials violated his due process rights under Wolff v. McDonnell, 418 U.S. 539,94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), during the disciplinary proceeding. After the Alabama Department of Corrections ("DOC") responded, the circuit court summarily denied the petition. This appeal followed.
The appellant argues that DOC violated his due process rights because it did not give him due notice of the charge against him because it allegedly did not set forth the specific conduct that could have caused an impairment of the operation of the institution; because the evidence presented during the disciplinary proceeding allegedly did not satisfy the some evidence standard; and because the hearing officer allegedly was not impartial and denied him a full and fair hearing.[1]
First, we must determine whether the appellant filed his petition in the proper form and in the proper circuit court. InMcConico v. Alabama Dep't of Corrections,893 So.2d 577, 579-80 (Ala.Crim.App. 2004), this court stated: *Page 401 
 "[T]he writ of habeas corpus was traditionally not available until an inmate was entitled to immediate release. See, e.g., Aaron v. State, 497 So.2d 603 (Ala.Crim.App. 1986) (citing Ex parte Miller, 54 Ala.App. 590, 591, 310 So.2d 890
(1975)). In 1980, however, the Alabama Supreme Court held that a petition for writ of habeas corpus was the proper method by which an inmate could challenge a disciplinary hearing depriving him or her of good time credit even if the inmate would not be entitled to immediate release upon restoration of the good time. Williams v. Davis, 386 So.2d 415 (Ala. 1980). Following the Alabama Supreme Court's decision in Williams v. Davis, this Court gradually recognized the use of a petition for a writ of habeas corpus by an inmate to challenge DOC decisions involving not only the loss of good-time credit, but as a method by which the inmate could determine whether DOC had correctly calculated the amount of time he was required to serve, see, e.g., Swicegood v. State, 646 So.2d 158
(Ala.Crim.App. 1993), as well as other matters that directly or indirectly affected the time that an inmate was required to remain in DOC's custody, such as a challenge to an administrative rule involving custody classification or the right to earn incentive good time. Implicit in our decisions was the acknowledgment that this Court was better suited to review such matters, while leaving challenges involving the conditions of confinement to be reviewed on appeal by the Court of Civil Appeals.
 "However, in Ex parte Boykins, 862 So.2d 587
(Ala. 2002), the Alabama Supreme Court rejected this practice, holding that an inmate's challenge to an administrative rule addressing his right to earn incentive good time was not cognizable by petition for a writ of habeas corpus. That court held that because Boykins had no due-process liberty interest in DOC's ruling on his request to qualify for incentive good time, the circuit court and this Court had incorrectly treated Boykins's petition as one for a writ of habeas corpus. The Supreme Court noted that because Boykins was appealing the decision of an administrative agency, i.e., DOC, made pursuant to that agency's rules and regulations, he was required to petition the circuit court for a writ of certiorari because the Alabama Administrative Procedure Act did not provide for any other appeal mechanism for inmates. 862 So.2d at 593."
(Footnote omitted.)
Also, in Ex parte Woods, 941 So.2d 259 (Ala. 2006), Woods filed a petition for a writ of mandamus in the Alabama Supreme Court, asking that court to direct the Montgomery Circuit Court to vacate an order in which it had converted his petition for a writ of certiorari into a petition for a writ of habeas corpus and transferred it to the county where he was incarcerated. The supreme court granted the writ, stating:
 "Generally, review by way of a petition for the writ of habeas corpus is not appropriate unless the inmate alleges a deprivation of a liberty interest or unless a liberty interest is at stake. See
§ 15-21-1, Ala. Code 1975 ('Any person who is imprisoned or restrained of his liberty in the State of Alabama on any criminal charge . . . may prosecute a writ of habeas corpus. . . .'). See also Ex parte Boykins, 862 So.2d 587, 591 (Ala. 2002) (`The courts of this State have long recognized that the only purpose of the writ of habeas corpus is to afford relief against actual restraints upon liberty.'); State v. Speake, 187 Ala. 426, 427, 65 So. 840, 841 (1914) (`The writ of habeas corpus has been defined, or rather *Page 402 
described, as "that legal process which is employed for the summary vindication of the right of personal liberty when illegally restrained."'); and Williams v. State, 42 Ala.App. 140, 140, 155 So.2d 322, 323 (1963) (`"It should always be borne in mind that the applicant for the writ of habeas corpus is not entitled to the writ unless he is actually restrained of his liberty. . . . Mere moral restraint (such as a military arrest, confinement to quarters, or parole, for example), as distinguished from actual confinement, is generally insufficient to warrant issuance of the writ."' (quoting Walter B. Jones, Habeas Corpus, State and Federal, Ala. Law. 384 (Oct. 1952))). Thus, the protections of due process are implicated only when a loss of a protected liberty interest is at stake. See, e.g., Wolff v. McDonnell, 418 U.S. 539, 558, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and Slawson v. Alabama Forestry Comm'n, 631 So.2d 953, 957 (Ala. 1994).
 ". . . Although Woods does frame his substantive arguments in terms of due-process violations and although an inmate is entitled to due process only when a liberty interest is at stake, Woods states separately that he has not been deprived of any liberty interest. The sanctions the DOC imposed against him did not involve any liberty interest.
 "Therefore, Woods's certiorari petition cannot be reviewed as a petition for the writ of habeas corpus; it does not seek relief from a restraint on any liberty Woods presently enjoys. Thus, Woods has a clear legal right to have the trial court's order, which converts his certiorari petition into a petition for the writ of habeas corpus and on that basis transfers the petition to the St. Clair Circuit Court, vacated.
 "Woods also has a clear legal right to have his certiorari petition heard by the Montgomery Circuit Court. A petition for the writ of certiorari against the DOC should be filed in the Montgomery Circuit Court, the location of the DOC's headquarters. See Boykins v. State, 862 So.2d 594, 595
(Ala.Crim.App. 2003) (`a petition for writ of certiorari against an administrative agency, in this instance, DOC, should be filed in "the Circuit Court of Montgomery County or in the circuit court of the county in which the agency maintains its headquarters"' (quoting § 41-22-20(b), Ala. Code 1975)). See also § 6-3-9, Ala. Code 1975 (`All actions where the prison system or the state on account of the prison system is interested must be commenced in Montgomery County in any court having jurisdiction of the amount involved. . . .'). Thus, because Woods's petition for the writ of certiorari is in substance a certiorari petition seeking review of the actions of the DOC, Woods is clearly entitled to have that petition heard in the Montgomery Circuit Court."
Woods, 941 So.2d at 261-62.
Similarly, in this case, the sanctions imposed against the appellant did not implicate a protected liberty interest.See Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293,132 L.Ed.2d 418 (1995); Dumas v. State, 675 So.2d 87
(Ala.Crim.App. 1995). Therefore, based on the Alabama Supreme Court's decision in Woods, we conclude that the appellant properly filed his petition as a petition for a writ of certiorari in the Montgomery Circuit Court.
Second, we must determine whether this appeal is properly before this court. In McConico, 893 So.2d at 580-81, we stated:
 "Here, just as in Boykins [v. State, 862 So.2d 594 (Ala.Crim.App. 2003)], McConico is appealing a circuit court's *Page 403 
decision on a petition for a writ of certiorari challenging a decision of an administrative agency, However, unlike in Boykins, McConico's certiorari petition challenged a custody reclassification based on conduct that occurred while he was an inmate. Thus, while this Court did not have jurisdiction to review an appeal from the denial of Boykins's certiorari petition, we do have jurisdiction to review McConico's appeal because McConico's petition falls within the exception set out in § 41-22-3(9)g.1., Ala. Code 1975 (exempting from the definition of `rule' any actions relating to `[t]he conduct of inmates of public institutions and prisoners on parole')."
(Footnotes omitted.) Cf. Jacobs v. Alabama Dep't ofCorrections, 900 So.2d 485 (Ala.Crim.App. 2004);Collins v. Alabama Dep't of Corrections, 911 So.2d 739
(Ala.Crim.App. 2004) (both holding that the Alabama Court of Civil Appeals had jurisdiction to hear the appeal because the challenged decision was not based on conduct that occurred while the inmate was in prison).
Similarly, the disciplinary hearing in this case was based on conduct that occurred while the appellant was in prison. Therefore, based on our decision in McConico, we conclude that this court has jurisdiction to hear this appeal.
Third, we must determine what type of review is appropriate in this case.
 "On petition for writ of certiorari the circuit court is, as is the appellate court, limited in its review of quasi-judicial acts of administrative officers and boards. The limited function of that review is to determine whether the act in question was supported by any substantial evidence, or whether findings and conclusions are contrary to uncontradicted evidence, or whether there was an improper application of the findings viewed in a legal sense. Sanders v. Broadwater, 402 So.2d 1035 (Ala.Civ.App. 1981). Judicial review of administrative acts and decisions is limited in scope, and ordinarily the courts will only pass on the question of whether the administrative agency has acted within its constitutional or statutory powers, whether its order or determination is supported by substantial evidence, and whether its action is reasonable and not arbitrary. Little Caesar's, Inc. v. Alabama Alcoholic Beverage Control Bd., 386 So.2d 224
(Ala.Civ.App. 1979).
 "A court may not set aside an order of a fact-finding administrative body, acting within the field of its designated powers, unless the order is illegal, capricious, or unsupported by substantial evidence. Little Caesar's, Inc. v. Alabama Alcoholic Beverage Control Bd., supra; Alabama Electric Cooperative v. Alabama Power Co., 278 Ala. 123, 176 So.2d 483 (1965); 73 C.J.S. Public Administrative Bodies and Procedure, § 202 et seq. (1951). `Substantial evidence' means legal evidence. Little Caesar's, Inc. v. Alabama Alcoholic Beverage Control Bd., supra; Eagle Motor Lines, Inc. v. Alabama Public Service Commission, 343 So.2d 767 (Ala. 1977). The order of an administrative board is not to be vacated because of receipt of evidence not admissible under general rules of evidence, so long as there is sufficient legal evidence to sustain the order. However, such illegal evidence will not be considered by the reviewing court in determining if there was substantial evidence to support the order of the Board. Edmondson v. Tuscaloosa County, [48 Ala.App. 372,] 265 So.2d 154 (Ala.Civ.App. 1972)."
Ellard v. State, 474 So.2d 743, 750
(Ala.Crim.App. 1984), aff'd, 474 So.2d 758 (Ala. 1985).See also Alabama Board of Pardons *Page 404 Paroles v. Williams, 935 So.2d 478
(Ala.Crim.App. 2005); Henley v. Alabama Board of Pardons Paroles, 849 So.2d 255 (Ala.Crim.App. 2002);Stokley v. State, 709 So.2d 84 (Ala.Crim.App. 1997).
Turning to the facts of this case, we note that "the protections of due process are implicated only when a loss of a protected liberty interest is at stake. See, e.g., Wolff v.McDonnell, 418 U.S. 539, 558, 94 S.Ct. 2963,41 L.Ed.2d 935 (1974), and Slawson v. Alabama Forestry Comm'n,631 So.2d 953, 957 (Ala. 1994)." Ex parte Woods,941 So.2d at 261. Because the appellant did not suffer the deprivation of a liberty interest, the Wolff due process protections do not apply to his case.
Moreover, DOC acted within its authority, substantial evidence supported the hearing officer's finding, and DOC's actions were reasonable and not arbitrary. Specifically, the arresting officer testified that, while he was correcting another inmate, the appellant approached him and said, `"[Y]ou can't tell me nothing.'" (C.R. 23.) Also, the appellant admitted that he made that statement to the arresting officer. This testimony supported the hearing officer's finding that the appellant "approached [the arresting officer] while he was correcting another inmate and stated [that the arresting officer] could not give him an order." (C.R. 24.)
For these reasons, we conclude that the circuit court properly summarily denied the appellant's petition for a writ of certiorari. Accordingly, we affirm that court's judgment.
AFFIRMED.
McMILLAN, WISE, and WELCH, JJ., concur; SHAW, J., concurs in the result.
[1] In his statement of the issues, the appellant lists an issue concerning whether the disciplinary board treated him arbitrarily and capriciously. However, he does not include any argument regarding that issue, as required by Rule 28(a)(10), Ala. R.App. P. Therefore, we will not review that issue. *Page 909