LYONS, Justice.
The defendant, Shaheed El-Alim Sha-bazz a/k/a Mario Kim,[1] petitioned this Court for a writ of certiorari to review whether the Court of Criminal Appeals erred in affirming the trial court’s judgment dismissing his petition for a writ of certiorari. We granted certiorari review.[2] *525 For the reasons discussed below, we affirm the judgment of the Court of Criminal Appeals.

I.Facts and Procedural History

The Department of Corrections (“DOC”) charged Shabazz with violating Ala. Admin. Code (Department of Corrections), regulation no. 403, violation 90, which prohibits “consumption or use of, or [being] under the influence of alcohol, narcotics or other intoxicants.” The evidentiary basis for the charge against Shabazz was a urine sample that tested positive for narcotics. After a disciplinary hearing in which evidence of the positive urine sample was received, Shabazz was found guilty of violating the DOC regulation and punished with segregation for 45 days and loss of store, telephone, and visitation privileges for 45 days. Shabazz did not lose any good-time credits as a result of his alleged violation.
Shabazz petitioned the Montgomery Circuit Court for a writ of certiorari to review DOC’s determination that he had violated the DOC regulation. Among other things, Shabazz contended that the results of the test on his urine sample were inadmissible at the disciplinary hearing because, he says, there was no evidence establishing a valid chain of custody for the urine sample. The trial court denied the petition.
Shabazz then appealed to the Court of Criminal Appeals. The Court of Criminal Appeals affirmed the judgment of the trial court, without an opinion. Kim v. Alabama Dep’t of Corr. (No. CR-06-0352, August 24, 2007), — So.2d — (Ala.Crim.App.2007) (table). In an unpublished memorandum, the Court of Criminal Appeals stated that Shabazz was not entitled to due-process protections because his punishment did not involve a protected liberty interest, and the Court of Criminals Appeals therefore did not need to review the evidence to determine whether Sha-bazz’s due-process protections, such as the requirement that a valid chain of custody for the urine sample be proved, were violated. We granted certiorari review to determine whether the Court of Criminal Appeals erred in affirming the trial court’s judgment.

II.Standard of Review

“ ‘This Court reviews pure questions of law in criminal cases de novo.’” Ex parte Morrow, 915 So.2d 539, 541 (Ala.2004) (quoting Ex parte Key, 890 So.2d 1056, 1059 (Ala.2003)).

III.Analysis

. Shabazz argues that the Court of Criminal Appeals erred in concluding that he was not entitled to due-process protections, particularly the requirement that a valid chain of custody be proved for evidence introduced against a defendant, during his disciplinary proceeding. Shabazz asserts that Martin v. State, 616 So.2d 384 (Ala.Crim.App.1993), and Davis v. State, 648 So.2d 658 (Ala.Crim.App.1994), clearly hold that, at a prison-disciplinary hearing in which an inmate is charged with consumption of a narcotic, the disciplinary board must introduce oral and/or documentary evidence of a valid chain of custody of a urine sample where the results of the test on that sample are introduced against the inmate.
In Martin, an inmate appealed the trial court’s judgment denying his petition for a writ of habeas corpus challenging his prison disciplinary for violating a prison rule *526 prohibiting the consumption of narcotics. 616 So.2d at 385. The opinion does not describe the nature of the discipline imposed upon the inmate. In the Court of Criminal Appeals, the inmate asserted that his due-process rights were violated at the disciplinary hearing because the disciplinary board had presented no evidence of a valid chain of custody of the urine sample that tested positive for narcotics and that provided the evidentiary basis for the disciplinary. 616 So.2d at 385.
The Court of Criminal Appeals concluded that the results of the test on the urine sample were inadmissible against the inmate because a valid chain of custody of the urine sample was not introduced. 616 So.2d at 388. The court reversed the judgment of the trial court and remanded the cause to the trial court with instructions to order DOC to afford the inmate a new disciplinary hearing. 616 So.2d at 388-89. The Court of Criminal Appeals stated:
“We hold that in the context of a prison disciplinary hearing in which the inmate is charged with the consumption of a controlled substance, the disciplinary board must introduce oral and/or documentary evidence of a valid chain of custody of the urine sample where the results of a test on that sample are introduced against the inmate and where the inmate raises some objection to that chain of custody.”
616 So.2d at 388.
Similarly, in Davis, an inmate appealed the trial court’s judgment denying his petition for a writ of habeas corpus for relief from two prison disciplinaries for violating a prison rule prohibiting the consumption of narcotics. 648 So.2d at 659. The opinion does not describe the nature of the discipline imposed upon the inmate. In the Court of Criminal Appeals, the inmate asserted that the evidence of the results of the tests on his urine samples was inadmissible against him because a valid chain of custody of the urine samples was not introduced at his disciplinary hearings. 648 So.2d at 659. In light of Martin, the Court of Criminal Appeals reversed the trial court’s judgment denying the inmate’s petition for a writ of habeas corpus and found that the inmate was entitled to new disciplinary hearings. 648 So.2d at 659.
The Court of Criminal Appeals rejected Shabazz’s argument that Martin and Davis apply to his case. In its unpublished memorandum, the court stated:
“[Shabazz’s] reliance on Davis v. State, 648 So.2d 658 (Ala.Crim.App.1994), and Martin v. State, 616 So.2d 384 (Ala.Crim.App.1993), to support his contention that the chain of custody of the urine sample was not proven is flawed, in part, because those cases were brought in petitions for a writ of habeas corpus averring that the appellant’s due-process rights had been violated. Here, because the deprivations [Shabazz] suffered do not involve a protected liberty interest, we need not examine the evidence to determine whether his due-process rights had been violated, because the due-process protections discussed in Wolff [3] and its progeny are not applicable to [Sha-bazz’s] case.”
The conclusion reached by the Court of Criminal Appeals is correct. However, lest Shabazz erroneously assume that he did not prevail simply because he failed to *527 invoke the proper writ,[4] we note that a petition for the writ of habeas corpus will not lie as the vehicle for reviewing an inmate’s punishment for misconduct in prison absent a violation of a liberty interest. See Ex parte Woods, 941 So.2d 259, 261 (Ala.2006) (“Generally, review by way of a petition for the writ of habeas corpus is not appropriate unless the inmate alleges a deprivation of a liberty interest or unless a liberty interest is at stake.”).
Shabazz’s punishment — loss of certain privileges for 45 days and 45 days’ segregation — does not implicate a liberty interest. Sandin v. Conner, 515 U.S. 472, 486, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (“We hold that Conner’s discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest.”); Summerford v. State, 466 So.2d 182, 185 (Ala.Crim.App.1985) (“[W]e do not believe petitioner had a ‘liberty interest’ protected under the due process clause in maintaining his store privileges or in being unburdened by an extra work detail.”); Zamudio v. State, 615 So.2d 156, 157 (Ala.Crim.App.1993) (“Store and telephone privileges are not liberty interests, nor does a prisoner have a right not to have extra work duty imposed, Summerford.”). Where no liberty interest is involved, due-process protections are not applicable. See Sandin, 515 U.S. at 487, 115 S.Ct. 2293; Montanye v. Haymes, 427 U.S. 236, 242, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976) (“As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise viola-tive of the Constitution, the Due Process Clause does not in itself subject an inmate’s treatment by prison authorities to judicial oversight.”); see also Austin v. Alabama Dep’t of Corr., 975 So.2d 398 (Ala.Crim.App.2007) (“Turning to the facts of this case [in which disciplinary involved placement in segregation for 15 days and the loss of visitation, telephone, and store privileges for 45 days], we note that ‘the protections of due process are implicated only when a loss of a protected liberty interest is at stake. See, e.g., Wolff v. McDonnell, 418 U.S. 539, 558, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and Slawson v. Alabama Forestry Comm’n, 631 So.2d 953, 957 (Ala.1994).’ Ex parte Woods, 941 So.2d at 261. Because the appellant did not suffer the deprivation of a liberty interest, the Wolff due process protections do not apply to his case.”).
Because Shabazz’s punishment did not involve a liberty interest, Shabazz was not entitled to due-process protections, such as ensuring a valid chain of custody of eviden-tiary material, at his disciplinary hearing. Because Martin and Davis apply only in habeas corpus proceedings and because in Woods we recognized that a petition for a writ of habeas corpus to review a prison-disciplinary action is appropriate only when a liberty interest is implicated, Sha-bazz’s reliance on those cases is misplaced.
IV. Conclusion
We affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
SEE, STUART, BOLIN, and MURDOCK, JJ., concur.
COBB, C.J., recuses herself.

. The defendant styled his petition for a writ of certiorari to this Court as “Ex parte Sha-heed El-Alim Shabazz a/k/a Mario Kim.” However, the Court of Criminal Appeals' unpublished memorandum under review here is styled “Mario Kim v. Alabama Department of Corrections.”

. The alleged conflict of the Court of Criminal Appeals’ decision with Martin v. State, 616 *525 So.2d 384 (Ala.Crim.App.1993), and Davis v. State, 648 So.2d 658 (Ala.Crim.App.1994), discussed below, is the only issue raised in Shabazz's petition for a writ of certiorari that properly invokes this Court’s jurisdiction. Accordingly, our review is limited to that issue.

. We assume the reference to Wolff, without further citation in the Court of Criminal Appeals’ unpublished memorandum, is intended to refer to Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct 2963, 41 L.Ed.2d 935 (1974), in which the United States Supreme Court held that loss of good-time credits in a prison-disciplinary proceeding implicated a liberty interest under the Fourteenth Amendment.

. This Court has held that a petition for the writ of certiorari that should have been filed as a petition for the writ of habeas corpus and that otherwise meets the procedural requirements for such a petition must be treated as a petition for a writ of habeas corpus. See Ex parte Deramus, 882 So.2d 875 (Ala.2002).