WISE, Judge.
 

 The appellant, Kenneth Roy Sundberg, filed a petition for a writ of habeas corpus, arguing that the Alabama Department of Corrections (“DOC”) has improperly calculated his release date. After DOC responded, the circuit court summarily dismissed the petition. This appeal followed.
 

 The record indicates that Sundberg was convicted of first-degree robbery and was sentenced to serve a term of 20 years in
 
 *44
 
 prison on June 20, 1989.
 
 [1]
 
 It also indicates that he was released on parole on July 19, 1993; that he was rearrested in New Hampshire on August 31, 1993; that he was declared delinquent on September 7, 1993; and that he was returned to Alabama on September 22, 1993. Sundberg argues that he is entitled to receive credit against his sentence for the time between the date he was declared delinquent and the date he was returned to Alabama. In support of its motion to dismiss, DOC attached an affidavit from Kathy Holt, its Correctional Records Director. In her affidavit, Holt stated, in pertinent part:
 

 “This is to certify that Kenneth Roy Sundberg’s, AIS# 154261, minimum release date of February 9, 2009 is correct. His minimum release date is calculated on case CC-89-308 with a sentence date of June 20, [1]989, to a term of 20 years with 158 days of jail credit. Pursuant to Code of Alabama § 14-3-38 an inmate is discharged at the expiration of the longest term of confinement on concurrent cases. Pursuant to Code of Alabama § 15-22-32, ‘whenever there is reasonable cause to believe that a prisoner who has been paroled has violated his parole, the Board of Pardons and Paroles, at its next meeting, shall declare such prisoner to be delinquent, and time owed shall date from such delinquency’ and; Ivy vs. State, 381 F Suppl 503 (S.D.Ala.1974), ‘once a parolee is declared delinquent he is no longer serving his sentence in any capacity.’ Inmate Sundberg was paroled on July 19, 1993, declared delinquent on September 7, 1993, and returned from New Hampshire to the Alabama Department of Corrections on September 22, 1993, which accounts for 15 days of dead time. He accrued 13 days of dead time when he was paroled July 6, 1998, was declared delinquent October 26, 1998, and recaptured November 9, 1998. This accounts for a total of 28 days of dead time. See attached Inmate Summary and time computation below.”
 

 (C.R. 14.)
 

 A petition for a writ of habeas corpus is the proper method by which to test whether DOC has correctly calculated the time an inmate must serve in prison.
 
 See Breach v. State,
 
 687 So.2d 1257 (Ala.Crim.App.1996); Swice
 
 good v. State,
 
 646 So.2d 158 (Ala.Crim.App.1993). Section 15-22-32, Ala.Code 1975, provides:
 

 “Whenever there is reasonable cause to believe that a prisoner who has been paroled has violated his parole, the Board of Pardons and Paroles, at its next meeting, shall declare such prisoner to be delinquent, and time owed shall date from such delinquency. The warden of each prison shall promptly notify the board of the return of a paroled prisoner charged with violation of his parole. Thereupon, such board, or a single member of such board, shall, as soon as practicable, hold a parole court at such prison or at such other place as it may determine and consider the case of such parole violator, who shall be given an opportunity to appear personally or by counsel before such board and produce witnesses and explain the charges made against him. The board shall, within a reasonable time, act upon such charges and may, if it sees fit,
 
 *45
 
 require such prisoner to serve out in prison the balance of the term for which he was originally sentenced,
 
 calculated from the date of delinquency or such part thereof as it may determine; however, the delinquent parolee shall be deemed to have begun serving the balance of the time so required on the date of his rearrest as a delinquent parolee.”
 

 (Emphasis added.) Based on the plain language of § 15-22-32(a), Ala.Code 1975, because Sundberg had been arrested at the time he was declared delinquent, he was entitled to credit for the 15 days between the date he was declared delinquent and the date he was returned to Alabama. Therefore, DOC improperly designated this time as “dead time” that cannot be credited against his sentence. Accordingly, we reverse the circuit court’s judgment and remand this case for proceedings that are consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 BASCHAB, P.J., and McMILLAN, SHAW, and WELCH, JJ., concur.
 

 [1]
 

 . We note that Sundberg is serving multiple concurrent sentences for multiple convictions. For purposes of sentence calculation, his sentence in case number CC-89-308 is controlling because it causes him to serve the longest period of confinement.
 
 See
 
 § 14-3-38, Ala. Code 1975. Therefore, we confine our discussion to the conviction and sentence in case number CC-89-308.