MAIN, Judge.
James Writesman, an inmate incarcerated at Fountain/J.O. Davis Correctional Facility, filed a petition for a writ of habeas corpus, alleging a miscalculation of his *451 minimum release date because he was not credited for the time he spent in jail in foreign states awaiting his return to Alabama. After the Alabama Department of Corrections (“DOC”) responded, the circuit court dismissed Writesman’s petition. This appeal followed.
The record indicates that Writesman was convicted of four counts of second-degree theft of property and was sentenced to concurrent terms of 18 years with 85 days of jail credit on each count: Jefferson County cases numbered CC-1989-2355, CC-1989-2356, CC-1989-2357, and CC-1989-2358, and a start date for the sentences of October 2, 1989.[1] It further shows he was paroled on October 12, 1992, and was declared delinquent on March 15, 1993, for failure to report. He was subsequently arrested in Tennessee on December 14, 1996, and returned to the DOC on December 21,1996. It also shows he escaped from work release on September 11, 2000. He was thereafter captured and placed in jail in Florida on September 28, 2001, and was not returned to the DOC’s custody until January 17, 2002.
In his petition, Writesman claimed he is owed 7 days of credit from December 14, 1996, to December 21, 1996, while he was incarcerated in Tennessee and to 3 months and 15 days of credit from September 28, 2001, to January 17, 2002, while in prison in Florida.[2] The DOC moved to dismiss Writesman’s petition. In support of its motion to dismiss, the DOC attached the affidavit of Mark Bruton, its correctional records assistant director, which provided that Writesman was not entitled to any credit for the periods of incarceration in Tennessee and Florida before his return to Alabama and showed the calculation for the total number of days of “dead time” as 5 years, 1 month, and 12 days (3 years, 9 months, and 6 days plus 1 year, 4 months, and, 6 days), with a minimum release date of August 18, 2012. (C. 23-25.)[3]
The Escambia Circuit Court, the circuit court in the county where Fountain/J.O. Davis Correctional Facility is located, was the proper venue for Writes-man’s petition for habeas corpus, and it had the authority to issue a writ of habeas corpus. See Ex parte Culbreth, 966 So.2d 910 (Ala.2006). This Court has jurisdiction to consider Writesman’s appeal of the circuit court’s denial of his petition for a writ of habeas corpus challenging the DOC’s calculation of the time he must serve in prison. See § 12-3-9, Ala.Code 1975 (“The Court of Criminal Appeals shall have exclusive appellate jurisdiction of all misdemeanors, ... habeas corpus and all felonies, including all post-conviction writs in criminal cases.”). A petition for a writ of habeas corpus is the proper method by which to test whether the DOC has correctly calculated the time an inmate must serve in prison. See Austin v. Alabama Dep’t of Corr., 975 So.2d 398 (Ala.Crim.App.2007). Before an amendment effective September 1, 1999, § 15-22-32, Ala. Code 1975, stated:
‘Whenever there is reasonable cause to believe that a prisoner who has been *452 paroled has violated his parole, the Board of Pardons and Paroles, at its next meeting, shall declare such prisoner to be delinquent, and time owed shall date from such delinquency. The warden of each prison shall promptly notify the board of the return of a paroled prisoner charged with violation of his parole. Thereupon, such board, or a single member of such board, shall, as soon as practicable, hold a parole court at such prison or at such other place as it may determine and consider the case of such parole violator, who shall be given an opportunity to appear personally or by counsel before such board and produce witnesses and explain the charges made against him. The board shall, within a reasonable time, act upon such charges and may, if it sees fit, require such prisoner to serve out in prison the balance of the term for which he was originally sentenced, calculated from the date of delinquency or such part thereof as it may determine; however, the delinquent parolee shall be deemed to have begun serving the balance of the time so required on the date of his rearrest as a delinquent parolee.”
(Emphasis added.)
The legislature amended § 15-22-32, effective September 1, 1999, to provide, in pertinent part, as follows:
“(a) Whenever there is reasonable cause to believe that a prisoner who has been paroled has violated his or her parole, the Board of Pardons and Paroles, at its next meeting, shall declare the prisoner to be delinquent, and time owed shall date from the delinquency. The warden of each prison shall promptly notify the board of the return of a paroled prisoner charged with violation of his or her parole. Thereupon, the board, a single member of the board, a parole revocation hearing officer, or a designated parole officer shall, as soon as practicable, hold a parole court at the prison or at another place as it may determine and consider the case of the parole violator, who shall be given an opportunity to appear personally or by counsel before the board or the parole court and produce witnesses and explain the charges made against him or her. The board member, parole revocation hearing officer, or a designated parole officer, acting as a parole court, shall, within a reasonable time, conduct the parole revocation hearing to determine guilt or innocence of the charges and may recommend to the board revocation or reinstatement of parole. Upon revocation of parole, the board may require the prisoner to serve out in prison the balance of the term for which he or she was originally sentenced, calculated from the date of delinquency or the part thereof as it may determine. The delinquent parolee shall be deemed to have begun serving the balance of the time required on the date of his or her rearrest as a delinquent parolee.”
(Emphasis added.) See Sundberg v. Thomas, 13 So.3d 43 (Ala.Crim.App.2009) (addressing a similar claim and holding that the DOC improperly designated time as “dead time”).
Based on the foregoing, Writesman was entitled to credit for the seven days between the date he was imprisoned in Tennessee and the date he was returned to the DOC in Alabama. Likewise, he was entitled to credit for time between the date he was incarcerated in Florida and the date he was returned to Alabama authorities. Therefore, the DOC improperly designated this time as “dead time” that cannot be credited against his sentence. Accordingly, we reverse the circuit court’s judgment *453 and remand this case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
WISE, P.J, and WELCH, WINDOM, and KELLUM, JJ., concur.

. We note Writesman is serving multiple sentences for multiple convictions. For purposes of sentence calculation, his concurrent sentences in cases numbered CC-1989-2355, CC-1989-2356, CC-1989-2357, and CC-1989-2358 control. See § 14-3-38, Ala.Code 1975.

. We note that our calculations show that he would be entitled to 3 months and 20 days credit for his period of incarceration in Florida.

.In its brief to this Court, the DOC appears to concede that Writesman is entitled to seven days of credit for the time he was incarcerated in Tennessee. However, the DOC fails to address his incarceration period in Florida before his return to Alabama.