JOINER, Judge,
concurring in the result.
I concur that the judgment in this matter is due to be affirmed. I disagree, however, with the rationale of the majority-
Antonio Hawkins, an inmate in the custody of the Alabama Department of Corrections (“the Department”), was found guilty of violating “rule number 91 [,] specifically [cjonspiracy to commit a violation of department or institutional rules,” and received 45 days of disciplinary segregation and lost visitation, phone, and store privileges for 90 days. (C. 11, 13.) Hawkins filed in the Montgomery Circuit Court a petition for a writ of certiorari arguing that the decision of the Department was “arbitrary and capricious, and ... totally unsupported by any substantial evidence.” (C. 6.) In response, the Department moved the circuit court to dismiss the petition, arguing that Hawkins was not entitled to due process because he had lost no liberty interest — e.g., incentive good time — and, alternatively, that Hawkins had, in fact, been afforded the appropriate level of due process. (C. 37-38.) The circuit court granted the motion to dismiss, and Hawkins now appeals.
*538 On appeal, Hawkins asserts, as he did below, that the decision of the Department was “arbitrary, capricious[,] and totally unsupported by substantial evidence.” (Hawkins’s brief, p. 11.) Specifically, Hawkins argues that the sole evidence offered at the hearing was hearsay testimony based on “confidential informants who did not have any personal knowledge of the incident” and that the hearing officer failed to make a reliability determination regarding the information supplied by the confidential informants. (Hawkins’s brief, p. 12.) In support of this argument, Hawkins relies on Washington v. State, 690 So.2d 589 (Ala.Crim.App.1997), and Bryant v. Alabama Department of Corrections, 61 So.3d 1109 (Ala.Crim.App.2010).
This Court, in an unpublished memorandum, affirms the judgment of the circuit court, concluding that Hawkins’s argument is waived because it is not supported by sufficient legal authority and that, even if it were supported by sufficient authority, it is without merit. I address both conclusions.
First, the majority states that “Hawkins has not provided any citations to any legal authority to support his argument[] that the DOC may not discipline him (with sanctions that do not implicate a constitutionally protected interest) based on hearsay or without an independent finding that the hearsay was reliable” and, thus, that “he has failed to comply with Rule 28(a)(10), Ala. RApp. P., and his argument is deemed waived.” I disagree.
Although the cases cited by Hawkins— Washington and Bryant — are distinguishable, Hawkins uses these cases to support his argument; thus, Hawkins has provided sufficient authority to comply with Rule 28(a)(10). See Rule 28(a)(10), Ala. R.App. P. (“[T]he brief of the appellant or the petitioner shall ... contain[ ] the contentions of the appellant/petitioner with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on.”). I cannot agree that Hawkins has failed to comply with Rule 28(a)(10) simply because the caselaw on which he relies does not squarely support his argument.
Second, the majority holds that the Department’s actions do not implicate Hawkins’s substantive-due-process rights. Quoting a footnote in Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), and adding bracketed language, the majority states that “inmates subject to disciplinary proceedings that do not implicate a protected interest do ‘retain, [under substantive due process and other constitutional provisions,] protection from arbitrary state action ....’” I have strong concerns with this portion of the unpublished memorandum for two reasons.
First, Hawkins does not raise a substantive-due-process claim; instead, Hawkins asserts a procedural-due-process claim. See Hawkins’s brief, p. 11 (“The sole evidence submitted at the due process hearing was the testimony of the arresting officer and warden ....”). Accordingly, it is unclear why this Court is addressing the issue of substantive due process. Second, Sandin does not support the majority’s conclusion that Hawkins has a substantive-due-process right. The Sandin footnote that is quoted and bracketed by the majority actually states as follows:
“Prisoners such as Conner, of course, retain other protection from arbitrary state action even within the expected conditions of confinement. They may invoke the First and Eighth Amendments and the Equal Protection Clause of the Fourteenth Amendment where appropriate, and may draw upon internal prison grievance procedures and state judicial review where available.”
*539 Sandin, 515 U.S. at 487 n. 11 (emphasis added). The footnote on which the majority relies does not speak to substantive due process but instead speaks to other constitutional protections prisoners retain and may assert to address arbitrary state action.
Although I disagree with the analysis used by the majority, I conclude that the judgment of the circuit court is due to be affirmed. Hawkins is asserting on appeal that the evidence was insufficient to support the Department’s decision; this argument speaks to due process. See Headley v. State, 720 So.2d 996, 997 (Ala.Crim.App.1998) (“Because this case involves the loss of good time credit, which the United States Supreme Court has held to be a liberty interest, ... due process concerns are involved. The evidentiary standard applied to determine whether a prison disciplinary action complies with due process has been changed from the ‘substantial evidence’ standard ... to the ‘some evidence’ standard. ... ”).
In Austin v. Alabama Department of Corrections, 975 So.2d 398, 400 (Ala.Crim.App.2007), an inmate argued, among other things, “that [the Department] violated his due process rights ... because the evidence presented during the disciplinary proceeding allegedly did not satisfy the some evidence standard.” This Court held that “[b]ecause the appellant did not suffer the deprivation of a liberty interest, ... due process protections do not apply to his case,” and, thus, the inmate could not prevail on his claims.[1] Austin, 975 So.2d at 404. Likewise, Hawkins lost no good time; thus, there are no due-process implications. See Ex parte Shabazz, 989 So.2d 524, 527 (Ala.2008) (“Because Shabazz’s punishment did not involve a liberty interest, Shabazz was not entitled to due-process protections, such as ensuring a valid chain of custody of evidentiary material, at his disciplinary hearing.”). Accordingly, Hawkins is not entitled to relief on his claim that the Department’s decision was not based on substantial evidence.
In light of the foregoing, I, like the majority, conclude that the judgment of the circuit court is due to be affirmed.

. This Court in Austin did not address “whether the disciplinary board treated [the appellant] arbitrarily and capriciously” because the issue was not properly presented to this Court. 975 So.2d at 400 n. 1. The arbitrary-and-capricious claim does not speak to evidence, but instead to individual treatment; this equal-protection claim is one envisioned by the United States Supreme Court in its footnote in Sandin. Hawkins, however, raises no such claim.